Jonathan M. Cohen (SBN 168207)
William J. Baker (SBN 346038)
**JOSEPH, COHEN & DEL VECCHIO, PC**
100 Smith Ranch Road, Suite 116
San Rafael, CA 94903
Telephone: 415.817.9200
Email: jcohen@jcd.law
         wbaker@jdc.law

Attorneys for Plaintiff
NUMBERAI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMBERAI, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>JOHN DOE (subscriber assigned IP address 199.230.10.107); and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: 3:25-cv-9650<br><br>**COMPLAINT**<br><br>**(1) TRADE SECRET MISAPPROPRIATION (18 U.S.C. § 1836);**<br><br>**(2) FRAUD (CA CIV. CODE § 1709, 1710).**<br><br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, NumberAI, Inc. ("NumberAI" or "Plaintiff"), brings this complaint against Defendant, John Doe subscriber assigned IP address 199.230.10.107 ("Defendant"), and alleges as follows:

## BACKGROUND

1. This is a case about an individual, only known by IP address and an abandoned phone number, fraudulently obtaining a secure, protected, and private demonstration of Plaintiff's artificial intelligence ("AI") product through misrepresentation.

2. Plaintiff has developed a highly effective and specialized AI agent for use by car dealerships to automate handling customer calls and inquiries.

3. NumberAI sells this AI agent, also known as "Numa" or the "Numa Service," to car dealerships throughout the country to assist in booking repair appointments, tracking the status of customer inquiries, and generally to automate time-consuming, administrative tasks.

4. NumberAI has invested significant time and capital in developing, marketing, and maintaining Numa as a premiere AI tool for car dealerships that seek to more efficiently serve customers and address their unique business needs.

5. NumberAI offers a secure, private, and live demonstration of Numa to dealerships interested in testing or purchasing the Numa Service. To access this demonstration, a dealership representative must provide NumberAI with verification that they are, in fact, an employee of a car dealership.

6. NumberAI does not offer this Numa demonstration to any member of the public since it contains protected, sensitive information regarding Numa's capabilities specifically created for a car dealership that would be valuable to others seeking to create a competing AI service.

7. NumberAI maintains that the specific Numa Service capabilities offered to car dealerships and demonstrated during the secure, non-public Numa demonstration qualify as trade secrets within the meaning of 18 U.S.C. §1836.

8. Defendant has, in a word, attempted to steal Numa-related information and trade secrets by fraudulently representing themselves as a dealership representative.

9. Defendant provided NumberAI an email address that appears associated with a real car dealership, "Northside Auto Greenville" in South Carolina, by using an email address with a domain that appears as "@northsideautogreenville.com."

10. Defendant also provided NumberAI a phone number, (864) 528-6080, that appears associated with Northside Auto Greenville because it uses same area code and first three digits associated with the dealership's primary customer service phone number.

11. Defendant provided NumberAI the name "Kevin Yan," further representing that he was located in South Carolina and held the job title "Operations" at the dealership.

12. Defendant, upon providing this information and repeatedly representing that he was an employee of the dealership, requested access to a secure, non-public, and live demonstration of the Numa Service.

13. Plaintiff provided Defendant with access to a secure Numa demonstration based on Defendant's repeated representations that he was a genuine car dealership representative.

14. Defendant accessed the secure, non-public Numa demo on or around August 21, 2024.

15. Around that same time, Plaintiff provided Defendant with confidential contact information of other Numa Service customers to serve as references.

16. Plaintiff attempted to contact Defendant after they had accessed the secure Numa demonstration, but found that both the email address and phone number that Defendant had provided were abandoned.

17. Upon contacting "Northside Auto Greenville" directly, the dealership informed NumberAI that no one by the name "Kevin Yan" had ever worked there and confirmed that the email and phone number that Defendant provided were not associated with the dealership.

18. Upon information and belief, Plaintiff maintains that Defendant gained unauthorized access to the dealership's information technology systems to fabricate an email address domain.

19. Upon information and belief, Plaintiff maintains that Defendant is, in fact, an employee or agent of a NumberAI competitor and used the live demonstration to gather competitive intelligence and trade secrets associated with the Numa Service.

20. While exact damages are not known at this time, this is a civil action seeking damages in excess of $100,000 due to the potentially substantial monetary harm that Defendant has caused by providing competitive intelligence and trade secrets to one or more of NumberAI's competitors.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1836(c) (jurisdiction over civil actions brought under Defend Trade Secrets Act).

22. This Court had personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit trade secret misappropriation. Therefore: (i) Defendant committed the tortious

1    conduct alleged in this Complaint in this State; (ii) Defendant resides in this State and/or; (iii)
2    Defendant has engaged in substantial business activity in this State.

3        23.     Plaintiff's online marketing partner that processed Defendant's request for the Numa Service demo provided the IP address associated with Defendant which traced to a physical address either in San Francisco or Cupertino, CA, both of which are located in this District.

4        24.     Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (ii) the Defendant resides (and therefore can be found) in this District and resides in this State.

**PARTIES**

25.     Plaintiff is a private corporation incorporated in the state of Delaware with its headquarters located in Oakland, CA.

26.     Plaintiff can currently identify Defendant only by his or her IP address used to register for the Numa demonstration and the phone number provided during the registration.

27.     Defendant's IP address is 199.230.10.107 and appears to be associated with a physical address in either San Francisco or Cupertino, CA. Defendant's true name and address can be provided by Defendant's Internet Service Provider.

28.     The phone number that Defendant provided is registered with Twilio Inc., which can provide account information associated with the phone number.

29.     Plaintiff is ignorant of the true names and capacities of those defendants sued herein as "Does 1 through 20, inclusive," and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to assert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

30. Upon information and belief, each of the defendants, including those named herein as Does, was the master, servant, agent, employer, employee, representative and/or alter ego of every other defendant, and was acting within the course and scope of such relationship, and/or with their co-defendants' permission and consent, or ins some other actionable manner including engaging in conspiracy with and/or aiding other defendants, and thus is also responsible for the acts, errors, and omission referred to in this complaint and that proximately caused Plaintiff's damages as alleged.

## COUNT I

### Trade Secret Misappropriation (Violation of 18 U.S.C. § 1836)

31. The allegations contained in paragraphs 1–29 are hereby realleged as if fully set forth herein.

32. Plaintiff is the owner of confidential, non-public information that is contained within the Numa demonstration and is as a trade secret within the meaning of 18 U.S.C. § 1836.

33. Plaintiff has taken reasonable measures to keep the information within the Numa demonstration protected from disclosure or access by competitors, general members of the public, and others without a "need-to-know."

34. The information contained within the Numa demonstration has independent economic value that is not generally known to the public, having been developed by NumberAI after significant investment.

35. Defendant improperly acquired the trade secrets contained within the Numa demonstration through misrepresentation of his or her true name, contact information, and employer.

# COUNT II

## Fraud (Violation of California Civil Code §§ 1709, 1710)

36. The allegations contained in paragraphs 1–34 are hereby realleged as if fully set forth herein.

37. Defendant falsely represented, concealed, and/or failed to disclose accurate personal information when registering with Plaintiff for access to the Numa demonstration. This includes, but is not limited to, Defendant failing to provide his or her true name, email address, telephone number, and/or employer information.

38. Defendant knew the name, email address, telephone number, and/or employer information he or she provided to Plaintiff was false.

39. Defendant intended to defraud Plaintiff by providing false information for gaining access to a secure, non-public Numa demonstration that Defendant could not have otherwise accessed if Defendant provided his or her true name, email address, telephone number, and/or employer information.

40. Plaintiff justifiably relied upon Defendant's representations, which were purposefully fabricated to resemble a genuine email address and telephone number associated with the real car dealership "Northside Auto Greenville."

41. Defendant is not, in fact, associated in any way with "Northside Auto Greenville" and purposefully exploited the dealership's public-facing contact information to fabricate an email address and phone number that appears associated with the dealership.

42. Plaintiff has suffered damages as a result of Defendant's fraud. Plaintiff obtained access to a non-public, secure Numa demonstration and has used and/or disseminated information gathered during the demonstration for the benefit of an unknown number of other individuals and/or entities that may include Number AI's competitors.

43.     Plaintiff has suffered unknown monetary losses due to Defendant's breach, including but not limited to the possible loss of current or future customers.

**WHEREFORE**, Plaintiff prays for the entry of judgement jointly and severally against defendants for the following relief:

a.      monetary damages in a sum equal to any revenue realized by Defendant and other currently unidentified defendants stemming from Defendant's fraudulent access of the secure Numa demonstration and any information gained therein;

b.      disgorgement of all profits gained by Defendant and other currently unidentified defendants stemming from Defendant's fraudulent access of the secure Numa demonstration and any information gained therein;

c.      interest on all monetary damages at the maximum legal rate permitted by law;

d.      exemplary damages for willful and malicious appropriation under 18 U.S.C. § 1836(b)(3)(C).

e.      permanent enjoinment of Defendant and other currently unidentified defendants from continuing to use or disseminate any information gathered during Defendant's use of the secure Numa demonstration;

f.      costs of suit, including reasonable attorney's fees to the extent permitted by statute, contract, or law; and

g.      such other and further relief as the Court deems just and proper.

**JOSEPH, COHEN & DEL VECCHIO, PC**

DATED: November 7, 2025          By: */s/ Jonathan M. Cohen*
                                  Jonathan M. Cohen
                                  William J. Baker
                                  Attorneys for Plaintiff
                                  NUMBERAI, INC.

7
COMPLAINT